UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-558-CRS

**MICHELLE MCMILLEN, individually**
**and as Administratrix of the Estate of**
**Gynnya McMillen,**                                                                          **Plaintiff,**

v.

**REGINALD WINDHAM, et al.,**                                                          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to stay discovery (DN 74) filed by Defendants Bob Hayter, Mark Cook, and Michelle Grady (collectively, "Movants"). Plaintiffs filed a response in opposition, and Movants filed a reply. (DN 86, 90.) For the following reasons, the motion to stay is **denied**.

## BACKGROUND

Movants request that the Court enter a stay of discovery pending resolution of their motion to dismiss. (DN 74 (motion to stay); DN 59 (motion to dismiss).) As grounds for the motion to stay, Movants assert that the motion to dismiss is based on qualified immunity, which is a question of law and does not require discovery for resolution. (DN 74 at 1.) They assert that applicable case law from the Supreme Court and the Sixth Circuit supports their position. (*Id.*) The Court and counsel discussed this issue during a telephonic conference on November 6, 2017. A description of that discussion is set forth in the Court's report and order of November 7, 2017 (DN 72). During that telephonic conference, counsel for Movants and other Defendants argued that Sixth Circuit precedent requires a stay of discovery pending resolution of the qualified immunity issue. (*Id.*) The Court informed counsel that it was not aware of case law that would

*require* it to stay discovery, but that it would not rule on the issue at that time and would instead permit any Defendant(s) to file a motion to stay. (*Id.*) Shortly after entry of that report and order, Movants filed the motion to stay (DN 74). Movants argue that a stay of discovery pending resolution of the qualified immunity issue would protect them from litigation expenses associated with discovery. (*Id.* at 2-3 (discussing Sixth Circuit case law).)

Plaintiffs filed a response in opposition (DN 86). They argue that the relevant case law supports an opposite conclusion; that is, qualified immunity involves a fact-intensive analysis that requires an opportunity for discovery. (*Id.* at 1, 2-4.) Further, Plaintiffs contend that to halt discovery to save Movants certain litigation expenses would prejudice Plaintiffs, who have already waited to take discovery for more than a year since they initiated this litigation. (*Id.*) Plaintiffs note that the parties did not engage in discovery between the August 31, 2016 filing of the complaint and September 19, 2017, because two Defendants were charged criminally in a related state court action. (DN 86 at 2.) Finally, Plaintiffs note that while arguing for a stay of discovery, Movants served on Plaintiffs written discovery requests, and that in total, Defendants have served on Plaintiffs seven sets of written discovery requests and deposed Plaintiffs' expert witness. (*Id.* at 4.) They contend that this participation in the discovery process amounts to a waiver of Movants' argument in favor of a stay. (*Id.*)

In reply, Movants argue that the "Facts" section of Plaintiffs' complaint is devoid of references to Movants, and therefore, Plaintiffs cannot maintain an argument that the qualified immunity analysis as to Movants need be fact-intensive. (DN 90.) Moreover, they argue that Plaintiffs' argument that they waived their argument for a stay is disingenuous because it was Plaintiffs who noticed the deposition of their own expert witness and because Movants raised the

2

issue of a stay prior to engaging in any discovery. (*Id.* at 1-2.) They also point out that Plaintiffs joined in a request that a scheduling order in this case be delayed pending resolution of the related criminal proceedings, and that Plaintiffs requested additional time to respond to Movants' motion to dismiss. (*Id.* at 3.) Movants argue that these actions undermine Plaintiffs' statements regarding delays. (*Id.*)

## DISCUSSION

The Court informed the parties during two telephonic conferences that it was not aware of any case law requiring it to stay discovery pending resolution of the qualified immunity issue. (*See* DN 72 at 2.) Rather, the Court stated clearly that it was inclined to exercise its discretion regarding discovery and permit at least some discovery to go forward. (*Id.*) The Court did, however, reserve a ruling on the issue and permit the parties to file a motion or motions to stay. (*Id.*) While on the November 6, 2017 telephonic conference, counsel for Movants raised the issue of a stay and "[c]ounsel for all other represented Defendants concurred with this position and joined in the request that discovery be stayed." (*Id.*) Notably, however, only Movants filed a motion to stay, and no other Defendants formally joined in the motion or filed their own motions, despite several other Defendants having filed potentially dispositive motions raising the issue of qualified immunity. (*See, e.g.*, DN 61 (motion for summary judgment filed by Defendants Gaudern, K. Johnson, Price, and Rivers); DN 63 (motion to dismiss filed by Defendants Mullins and Newby); DN 65 (motion for summary judgment filed by Defendant Kimbler).) Based on the foregoing, the Court considers the motion to stay discovery now before it (DN 59) on that narrow basis, that is, as a motion to stay discovery as to Movants -- Defendants Cook, Grady, and Hayter -- pending resolution of *their* motion to dismiss (DN 59),

and not as to any other Defendant or any other potentially dispositive motion that is currently pending.

The Court acknowledges the position taken by Movants and the language in the Supreme Court and Sixth Circuit decisions that they cite. Indeed, the Sixth Circuit has stated broadly that "[t]he entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Garceau v. City of* Flint, 2013 U.S. Dist. LEXIS 35151, *3 (E.D. Mich. Mar. 14, 2013) (quoting *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991))). "The philosophy behind the doctrine of qualified immunity 'is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial.'" *Skousen*, 305 F.3d at 526 (internal quotations omitted). "Thus, when a defendant seeks dismissal on the basis of qualified immunity, '[a] stay of discovery is properly granted until the issue of immunity is resolved.'" *Garceau*, 2013 U.S. Dist. LEXIS 35151 at *3-4 (and cases cited); *see also Kennedy v. Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) ("Because [then-recent Supreme Court decision] *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (citing *Mitchell v. Forsyth*, 105 S. Ct. 2806, 2816 (1985) and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

While cognizant of that background, the Court emphasizes that it is not *required* to grant Movants' motion to stay. As the Sixth Circuit has noted, "its prior holdings should not be interpreted as standing for the proposition that 'any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery.'" *Carden v. City of Knoxville*,

4

2016 U.S. Dist. LEXIS 87799, *2 (E.D. Tenn. July 7, 2016) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011)). "Thus, discovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue." *Id.* at *2-3 (internal citation omitted). In a 2013 decision from this district, *Locke v. Mooney*, 2013 U.S. Dist. LEXIS 102473 (W.D. Ky. July 22, 2013), for example, the Court permitted limited discovery when a motion for summary judgment based on qualified immunity was pending. The Court concluded that a motion originally filed as a motion to dismiss based on qualified immunity should be converted to a motion for summary judgment and that it was appropriate to permit plaintiffs to conduct limited discovery on a factual issue raised by defendant in the motion to dismiss. *Id.* at *5; *id.* at *6 ("[Supreme Court precedent] sought to protect officials from the costs of 'broad-reaching' discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). In *Locke*, the Court also permitted discovery to proceed on certain other claims that would survive regardless of the resolution of the motion to dismiss on the basis of qualified immunity. *Locke*, 2013 U.S. Dist. LEXIS 102473 at *7-8.

In this case, the Court is persuaded that discovery should not be stayed pending resolution of Movants' motion to dismiss. As Plaintiffs emphasize, arguments regarding qualified immunity are typically resolved at the summary judgment state, rather than by a Rule 12(b)(6) motion to dismiss. *See Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015). In this case, Movants seek to resolve the issue through a motion to dismiss and argue that the qualified immunity issue is solely a question of law that does not require any discovery.

Plaintiffs, on the other hand, argue in response to the motion to stay that qualified immunity is a fact-intensive issue that turns on the particular circumstances of each case. (DN 86 at 2 (citing *Peatross v. City of Memphis*, 818 F.3d 233, 244 n.6 (6th Cir. 2016)).) This argument is consistent with Plaintiffs' position in response to the motion to dismiss, in which they argue that the motion to dismiss should be converted to a motion for summary judgment and more discovery permitted prior to resolving the qualified immunity issue. (*See, e.g.*, DN 78 at 2 ("[] Plaintiffs have not been able to engage in fact discovery to this point. Dismissal of [their] claims at this stage is improper for that reason alone."); *id.* at 2 n.1 (arguing that summary judgment, not a Rule 12 motion to dismiss, is proper phase for determination of qualified immunity issue); *id.* at 9 (setting forth summary judgment standard).)[1]

Moreover, while they argue that discovery should be stayed, Movants concede that they served written discovery requests on Plaintiffs and participated in a deposition of Plaintiffs' expert witness. (*See* DN 86 at 4 (Plaintiffs' response, noting Movants' participation in such discovery); DN 90 at 2 (Movants' reply, noting that they participated in the deposition but that Plaintiffs noticed the deposition, and conceding that they "have also participated in some preliminary written discovery with the Plaintiff[s]").) Based on the foregoing, the Court concludes that Movants are more amenable to participating in discovery during the pendency of their motion to dismiss than they profess to be in the motion to stay.

Finally, the Court rejects Movants' argument that Plaintiffs' opposition to a stay is "mitigate[d]" by Plaintiffs' previous actions in joining in a request to stay these proceedings

---

[1] The Court notes that the motion to dismiss (DN 59) will be decided by Senior Judge Charles R. Simpson III. The undersigned Magistrate Judge takes no position as to whether the motion to dismiss should be considered a motion for summary judgment or as to whether Senior Judge Simpson should permit supplemental filings related to the motion to dismiss based on the holding herein that the parties may continue to engage in discovery. The undersigned addresses only the motion to stay discovery as submitted.

pending resolution of related state criminal proceedings and requesting a two-week extension of time to respond to the motion to dismiss. (*See* DN 90 at 3.) In the Court's view, those actions by Plaintiffs are wholly separate from their argument, now asserted in response to the motion to dismiss and the motion to stay, as to the substantive reasons why more discovery should be permitted.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the motion to stay discovery (DN 74) is **DENIED**. For the reasons set forth above, the parties may move forward with discovery involving Plaintiffs and Movants regardless of the pendency of the motion to dismiss (DN 59).

IT IS FURTHER ORDERED that the instant order does not restrict discovery as to any other aspect of this case, as no other Defendant has filed a motion to stay in connection with the filing of any other potentially dispositive motion. Additionally, the instant order does not address Plaintiffs' arguments that the motion to dismiss should be converted to a motion for summary judgment or permit Plaintiffs to supplement their response thereto with any newly developed fact discovery.

Finally, IT IS HEREBY ORDERED that the Court's standing order requiring counsel to confer with opposing counsel and request and participate in a telephonic conference with the Court prior to filing a discovery-related motion REMAINS IN EFFECT. (*See* DN 57 at 4; DN 72 at 3.)

cc: Counsel of record