**FILED**

James J. Vilt JR,
Clerk

January  19, 2022

U.S. District Court
Western District of Kentucky

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:16-cv-558-RGJ**

**MICHELLE MCMILLEN**                                                      Plaintiffs
*Individually and as Administratrix*
*of estate of Gynnya McMillen*

**v.**

**REGINALD WINDHAM,**
**VICTOR HOLT,**
**MICHAEL PRICE,**
**CHRIS JOHNSON,**                                                          **Defendants**
**KEVIN JOHNSON,**
**and**
**LORETTA GAUDERN**

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every case.  Then I will explain the rules of law that you must apply in deciding whether the parties have proven the elements of their respective counts.  Then I will explain some rules that you must use in evaluating the testimony and evidence.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**JURORS' DUTIES**

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls. Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of their claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if a Plaintiff should fail to establish any essential element of their claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise, instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## MULTIPLE PARTIES

Although there is more than one plaintiff and more than one defendant in this action, it does not follow from that fact alone that if one Defendant is liable to a Plaintiff or Plaintiffs, that all Defendants are liable to all Plaintiffs. Each Plaintiff or Defendant is entitled to a fair consideration of the evidence. No Defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each Defendant, individually.

## DISCONTINUANCE AS TO SOME PARTIES

Certain parties are no longer involved in this trial.  You should not consider this in dealing with the issues among the remaining parties.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness takes an oath to tell the truth and lawyers for the parties may ask them questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, all or part of the deposition of that person may be read at the trial, and the testimony in that deposition should be treated by you exactly as if the witness was testifying live here in Court.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**EXPERT WITNESSES & OPINION TESTIMONY**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Next, I will explain the elements of the claims that the Plaintiffs make against the Defendants.

## COUNT 3 – FAILURE TO TRAIN AND/OR SUPERVISE

Plaintiffs are suing Defendants Michael Price and Reginald Windham for failure to train and/or supervise themselves and their subordinate employees such that Plaintiff Gynnya McMillen's constitutional right to medical care and/or right to be free from unreasonable punishment as a pretrial detainee was violated.  Plaintiffs claim that Defendants, Reginald Windham and Michael Price, were objectively unreasonable in their training and/or supervision of themselves and their subordinate employees. A supervisory officer, like Defendant Michael Price or Reginald Windham, cannot be held liable merely because their subordinate violated someone's constitutional rights. To prove their claim against Defendant Michael Price or Reginald Windham, Plaintiffs must show that Defendant Michael Price's or Defendant Reginald Windham's conduct caused the denial of Gynnya McMillen's constitutional rights by implicitly authorizing, approving, or knowingly acquiescing to specific unconstitutional conduct of the their subordinates.

**JURY INTERROGATORIES**
**COUNT 3 – FAILURE TO TRAIN AND/OR SUPERVISE**

**INTERROGATORY NO. 1**

Did Defendant Reginald Windham, in training and/or supervising his subordinate employees, implicitly authorize, approve, or knowingly acquiesce in any conduct by a subordinate that violated Gynnya McMillen's constitutional rights, and if so, was such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 2**

Did Defendant Michael Price, in training and/or supervising his subordinate employees, implicitly authorize, approve, or knowingly acquiesce in any conduct by a subordinate that violated Gynnya McMillen's constitutional rights, and if so, was such failure a substantial factor in causing her death?

YES_____ NO_____

**COUNT 4 – NEGLIGENCE**

Plaintiffs assert that Defendants Reginald Windham, Victor Holt, Michael Price, Chris Johnson, Kevin Johnson, and Loretta Gaudern neglected Gynnya McMillen.

Negligence means the failure to exercise ordinary care for the safety of others. "Ordinary care" as applied to Defendants means such care as the jury would expect an ordinarily prudent person engaged in the same type of occupation as Defendants to exercise under similar circumstances.

To find the Defendants liable, it is not enough that they were negligent. The negligence must have been the cause of the damages the Plaintiffs seek. A Defendant's negligence caused her injury if a defendant's actions were a substantial factor in bringing about the death of Gynnya McMillen.

## JURY INTERROGATORIES
## COUNT 4 – NEGLIGENCE

**INTERROGATORY NO. 3**

Did Defendant REGINALD WINDHAM fail to exercise ordinary care for Gynnya McMillen, and

if so, was such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 4**

Did Defendant VICTOR HOLT fail to exercise ordinary care for Gynnya McMillen, and if so, was

such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 5**

Did Defendant CHRIS JOHNSON fail to exercise ordinary care for Gynnya McMillen, and if so,

was such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 6**

Did Defendant KEVIN JOHNSON fail to exercise ordinary care for Gynnya McMillen, and if so,

was such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 7**

Did Defendant LORETTA GAUDERN fail to exercise ordinary care for Gynnya McMillen, and

if so, was such failure a substantial factor in causing her death?

YES_____ NO_____

**INTERROGATORY NO. 8**

Did Defendant MICHAEL PRICE fail to exercise ordinary care for Gynnya McMillen, and if so,

was such failure a substantial factor in causing her death?

YES_____ NO_____

**COUNT 4 –GROSS NEGLIGENCE**

Plaintiffs also assert that Defendants Reginald Windham, Victor Holt, Michael Price, Chris Johnson, Kevin Johnson, and Loretta Gaudern grossly neglected Gynnya McMillen.   Gross negligence means a "wanton or reckless disregard for the safety of other persons." In order to find gross negligence, you must have found negligence in the previous Interrogatories.

To find the Defendants liable, it is not enough that they were grossly negligent.   The gross negligence must have been the cause of the damages the Plaintiffs seek.   A Defendant's gross negligence caused her injury if a defendant's actions were a substantial factor in bringing about the death of Gynnya McMillen.

## JURY INTERROGATORIES
## COUNT 4 – GROSS NEGLIGENCE

**INTERROGATORY NO. 9**

Was Defendant REGINALD WINDHAM'S failure to exercise ordinary care for Gynnya McMillen a wanton or reckless disregard of her safety?

YES_____ NO_____

**INTERROGATORY NO. 10**

Was Defendant VICTOR HOLT'S failure to exercise ordinary care for Gynnya McMillen a wanton or reckless disregard of her safety?

YES_____ NO_____

**INTERROGATORY NO. 11**

Was Defendant CHRIS JOHNSON'S failure to exercise ordinary care for Gynnya McMillen a wanton or reckless disregard of her safety?

YES_____ NO_____

**INTERROGATORY NO. 12**

Was Defendant KEVIN JOHNSON'S failure to exercise ordinary care for Gynnya McMillen a wanton or reckless disregard of her safety?

YES_____ NO_____

**INTERROGATORY NO. 13**

Was Defendant LORETTA GAUDERN'S failure to exercise ordinary care for Gynnya McMillen a wanton or reckless disregard of her safety?

YES_____ NO_____

**INTERROGATORY NO. 14**

Was Defendant MICHAEL PRICE'S failure to exercise ordinary care for Gynnya McMillen a

wanton or reckless disregard of her safety?

YES_____ NO_____

## COUNT 6 – NEGLIGENT TRAINING AND SUPERVISION

Plaintiffs claim that Defendant, Michael Price, was negligent in his training and/or supervision of his subordinate employees.  Defendant Price had a duty to Gynnya McMillen to train on, supervise compliance with, and punish violations of written policies and procedures that applied to Gynnya McMillen's situation as a pretrial detainee.

## JURY INTERROGATORIES
## COUNT 6– NEGLIGENT TRAINING AND SUPERVISION

**INTERROGATORY NO. 15**

Did Defendant MICHAEL PRICE fail to exercise ordinary care in the training and/or supervision

of his subordinate employees and if so, was such failure a substantial factor in Gynnya McMillen's

death?

YES_____ NO_____

That completes my instructions on the elements of the claims.  Next, I will explain the damages that the Plaintiffs seek against the Defendants.

## ACTUAL DAMAGES

If you find in favor of the Plaintiffs, then you will award the Plaintiffs such actual or compensatory damages as you find from a preponderance of the evidence.  In formulating an award of actual damages, you should consider:

1. Any mental or physical pain and suffering, embarrassment, humiliation, and loss of enjoyment of life of Gynnya McMillen caused by Defendants;

2. The destruction of Gynnya McMillen's power to labor and earn money as a consequence of her death.

3. Michelle McMillen's loss of love and affection of Gynnya McMillen.

## DAMAGES

### INTERROGATORY NO. 16

If you have found that any of the Defendants are liable under the above Interrogatories, award to the Plaintiffs the amount of actual damages as you believe have been proved by a preponderance of the evidence to have been caused by Defendant(s):

Destruction of Earning Capacity          $_____
(not to exceed $1,217,117.00)

Mental/Physical Pain and Suffering       $_____
(not to exceed $2,000,000.00)

Michelle McMillen's Loss of Love and     $_____
Affection of Gynnya
(not to exceed $1,000,000.00)

### INTERROGATORY NO. 17

For the damages awarded in Interrogatory No. 1 above, and for each Defendant you have found liable under the above Interrogatories for Count 3 (Failure to Train and/or Supervise), Count 4 (Negligence), Count 4 (Gross Negligence), and/or Count 6 (Negligent Training and Supervision), indicate below the percentage of fault each person bears for Gynnya McMillen's death.  The percentages you assign must sum to 100%.  If you have not found liability for an individual listed below, you assign that individual a zero or "N/A".

REGINALD WINDHAM          _____%

VICTOR HOLT               _____%

CHRIS JOHNSON             _____%

KEVIN JOHNSON             _____%

LORETTA GAUDERN           _____%

MICHAEL PRICE             _____%

## COUNT 10 – PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, the law permits you to award punitive damages in certain circumstances. "Punitive damages" are damages awarded against a Defendant for the purpose of punishing the Defendant for their misconduct in this case and deterring Defendant and others from engaging in similar conduct in the future.

Whether you make an award of punitive damages is a matter exclusively within your discretion.  If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

a) Whether the conduct involved repeated actions or was an isolated incident;

b) The vulnerability of Gynnya McMillen;

c) The physical harm caused by Defendant's conduct;

d) The degree to which the conduct showed an indifference or reckless disregard to the health and safety of Gynnya McMillen.

**INTERROGATORY NO. 18**

If you found Reginald Windham liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above, indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Reginald Windham:


$_____ (not to exceed $21,085,585.00)

**INTERROGATORY NO. 19**

If you found Victor Holt liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above, indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Victor Holt:

$_____ (not to exceed $21,085,585.00)

**INTERROGATORY NO. 20**

If you found Chris Johnson liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above, indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Chris Johnson:

$_____ (not to exceed $21,085,585.00)

**INTERROGATORY NO. 21**

If you found Kevin Johnson liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above, indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Kevin Johnson:

$_____ (not to exceed $21,085,585.00)

**INTERROGATORY NO. 22**

If you found Loretta Gaudern liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above,  indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Loretta Gaudern:

$_____ (not to exceed $21,085,585.00)

**INTERROGATORY NO. 23**

If you found Michael Price liable under the Interrogatory above for Count 4 Gross Negligence and awarded damages above,  indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Michael Price:

$_____ (not to exceed $21,085,585.00)

**JURY DELIBERATIONS**

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so.  The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## ELECTION OF FOREPERSON AND RETURN OF VERDICT

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury.  You may only communicate with me by a signed writing or here in open Court.  If you write me a message, the CSO will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions.  You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**Please fill out the Verdict Forms and return to the courtroom.**