UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHELLE MCMILLEN, Individually and     Plaintiffs
as Administratrix of the ESTATE OF
GYNNYA MCMILLEN

v.     Civil Action No. 3:16-cv-00558-RGJ-CHL

REGINALD WINDHAM, ET AL.     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions for Judgment on partial verdicts filed by Defendants Youth Worker Supervisor, Reginald Windham ("Windham"); Youth Worker Supervisor, Victor Holt ("Holt"); and Youth Worker, Chris Johnson ("C. Johnson"); and Defendants Assistant Superintendent, Michael Price ("Price"); Youth Worker, Kevin Johnson ("K. Johnson"); and Youth Worker, Loretta Gaudern ("Gaudern") (collectively, "Defendants") Renewed Motion for Judgment as a Matter of Law. [DE 264; DE 265; DE 268]. Plaintiffs Michelle McMillen, as administratrix of the Estate of Gynnya McMillen and Michelle McMillen, individually ("McMillen") did not respond. These matters are ripe. For the reasons below, Windham and Holt's Motion for Judgment on Partial Verdicts [DE 264] and C. Johnson's Motion for Judgment on Partial Findings [DE 265] are **TERMINATED** from the Court's docket, and the Court **DENIES** Price, Gaudern, and K. Johnson's Renewed Motion for Judgment as a Matter of Law [DE 268].

### I. BACKGROUND

The factual background was set forth in the Court's summary judgment order [DE 189] and is incorporated here.

1

Trial on this matter was held on January 10, 2022 through January 19, 2022. After receiving a note from the jury on January 20 that they were deadlocked, the Court conferred with the parties and, upon agreement of the parties, read an Allen-type charge to the jury. The jury reported to the Court on January 20, 2022 at 5:00 p.m. that they had reached partial verdicts. The verdicts were published in open court. The Court polled the jury as to their verdicts. The jury was then discharged. The verdicts were filed in the Court's record [DE 261] and a mistrial was declared on Special Interrogatory 3 as to Count 4 for Defendant Windham and Special Interrogatory 15 as to Count 6 for Defendant Price.

Defendants Windham and Holt filed a motion for Judgment on Partial Verdicts. [DE 264]. Defendant C. Johnson moved for Judgment on Partial Findings. [DE 265]. Defendants Gaudern, K. Johnson, and Price submitted a memorandum supporting a partial verdict. [DE 267]. Defendants Price, Gaudern, and K. Johnson renewed their Motion for Judgment as a Matter of Law. [DE 268]. Plaintiffs and all Defendants submitted a Joint Proposed Partial Judgment on the Jury Verdict, which the Court entered. [DE 266; DE 272]. The partial judgment dismisses all counts as to Gaudern, K. Johnson, C. Johnson, and Holt.[1] [DE 272]. The partial judgment also dismisses Count 3, §1983 Failure to Train and/or Supervise, against Price and Windham and Count 4, Negligence and Gross Negligence, against Price, and Count 4 Gross Negligence against Windham. [DE 272 at 4140-41].

While the Partial Judgment tendered by the parties and entered by the Court reads "**Count 6** – Negligence, is not dismissed" [*Id.* at 4141(emphasis added)] the only claim remaining against

---

[1] During the trial, the Court also granted judgment as a matter of law under Fed. R. Civ. P. 50 on Count 4 against Defendant Lisa Rivers. [DE 256 Text Order]. The partial judgment accordingly also dismisses Rivers. [DE 272 at 4139].

2

Windham is actually **Count 4**, Negligence. The Court will address and correct this error below. Then the Court will address the motions for partial judgment, the appropriateness of accepting partial judgment, and the renewed motion for judgment as a matter of law. [DE 264; DE 265; DE 268].

## II. DISCUSSION

### A. Correcting Error in Judgment

As noted above, the Partial Judgment tendered by the parties and entered by the Court reads "Count 6 – Negligence, is not dismissed" [DE 272 at 4141(emphasis added)]. But the only claim remaining against Windham is Count 4, Negligence. Fed. R. Civ. P. 60(a) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative . . ." The Court now exercises its plenary power under Rule 60(a) to correct this clerical error. The Court will order below that the Partial Judgment on Jury Verdict [DE 268] be corrected to read as follows:

> 7) The Plaintiffs recover nothing as to Count 3 – §1983 Failure to Train and/or Supervise, Count 4 – Gross Negligence, those claims be dismissed on the merits against Reginald Windham. The action against Reginald Windham was tried by a jury with Judge Rebecca Grady Jennings presiding and the jury has rendered a verdict as to Count 3 – §1983 Failure to Train and/or Supervise, Count 4 – Gross Negligence in his favor on those claims. Plaintiffs' claims against Reginald Windham as to Count 4 – Negligence, is not dismissed as the jury has not rendered a verdict as to Count 4 – Negligence, and a mistrial was declared.

### B. Accepting Partial Judgment.

The Federal Rules of Civil Procedure are silent on partial verdicts in civil trials. *Sanchez v. City of Chicago*, 880 F.3d 349, 360 (7th Cir. 2018). While the Sixth Circuit offers no guidance on the issue, the circuit courts that have considered it, the First, Second, Fifth, Seventh, and Eighth Circuits agree: a district court is within its discretion to accept a partial verdict at civil trial. *See*

*Kissell v. Westinghouse Elec. Corp., Elevator Div.*, 367 F.2d 375, 376 (1st Cir. 1966); *Kerman v. City of New York*, 261 F.3d 229, 242 n.9 (2d Cir. 2001); *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180 (5th Cir. 1983); *Sanchez v. City of Chicago*, 880 F.3d 349, 361 (7th Cir. 2018); *Skyway Aviation Corp. v. Minneapolis, N. & S. Ry. Co.*, 326 F.2d 701, 704 (8th Cir. 1964); *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1375 n.5 (8th Cir. 1989). When accepting a partial verdict, a district court should ensure that there is no risk of an inconsistent verdict. *See, e.g.*, *Bridges*, 704 F.2d at 180–81 (discussing consistency of the verdict); *Robertson Oil Co.*, 871 F.2d at 1375 (discussing consistency between interrogatories).

The jury found for Gaudern, K. Johnson, C. Johnson, and Holt on all counts against them. [DE 272]. The jury also found in Price's favor on the claims of § 1983 Failure to Train and/or Supervise and Negligence/Gross Negligence and in Windham's favor on the claims of § 1983 Failure to Train and/or Supervise and Gross Negligence. [*Id.* at 4140]. The only counts remaining are Negligence against Windham and Negligent Training and Supervision against Price. [DE 272]. There is no risk of inconsistent verdict because the partial verdict is both internally consistent and consistent with the potential outcomes of a new trial. Each separate count has distinct elements. *Compare Plinton v. Cty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (§ 1983 failure to train elements are 1) inadequacy, 2) indifference, and 3) causation); *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (in supervisory § 1983 claim, supervisor must have "at least implicitly authorized" the unconstitutional conduct); *Gonzalez v. Johnson*, 581 S.W.3d 529, 532 (Ky. 2019), *as modified on denial of reh'g* (Sept. 26, 2019) (negligence in Kentucky has four elements: 1) duty, 2) breach, 3) causation, and 4) damages)); *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) (in Kentucky, negligent training and supervision incorporates negligence and mens rea elements) *and Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky.

4

1985) (in Kentucky, gross negligence is negligence with the "wanton or reckless disregard for the lives, safety or property of others.").[2] There is thus no risk of inconsistent verdict, and the Court may accept the jury's partial verdict.[3] [DE 272]

### C. Renewed Motion for Judgment as a Matter of Law [DE 268].

Price argues that he is entitled to judgment as a matter of law on the claim remaining against him, Negligent Hiring, Training, Supervision, and Retention, because there was a lack of evidence at trial to support the claim.[4] [DE 268 at 4120].

### I. Standard

If a court does not grant judgment as a matter of law after close of evidence and the party renews its request after a verdict is entered, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (citations omitted). In considering such a motion, the district court must view "the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences." *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012) (quotation marks and citations omitted). The Court may

---

[2] The jury found for Price and Windham's on gross negligence, which adds an element to negligence. The next jury may logically find for or against Price or Windham on the negligence and negligent supervision and training counts, leaving no risk of inconsistent verdict on these counts.

[3] Windham, Holt, and C. Johnson moved for Judgment on Partial Verdict and Findings [DE 264; DE 265]. The Partial Judgment on Jury Verdict [DE 272] dismissed Holt and C. Johnson as defendants and dismissed all counts except count 4 against Windham pursuant to the jury's Verdict. [*Id.* at 4139-41]. Thus, these motions are moot, and the Court terminates them from the docket.

[4] Although Gaudern and K. Johnson also move for Judgment as a Matter of Law in this motion [DE 268], the Partial Judgment on Jury Verdict [DE 272] dismissed them as defendants pursuant to the jury's Verdict, and the Court thus does not further consider this portion of the motion. [*Id.* at 4139-40].

not "reweigh the evidence, question the credibility of witnesses, or substitute [its] own judgment for that of the jury." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 306 (6th Cir. 2016). Then, the question must be asked if "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Balsley*, 691 F.3d at 757. If so, the court should grant the motion.

**II.    Discussion**

During the trial, Price moved for a directed verdict on the claims against him. [DE 249]. The Court denied his motion on all claims. [DE 256]. Price now argues that the Court should grant him judgment as a matter of law because he is entitled to qualified official immunity and because no reasonable juror could find against him on the remaining claim due to a lack of evidence. [DE 268 at 4119-21]. Price argues that there was no evidence presented at trial "regarding prior discipline for Windham, Blann, or Holt." [*Id.* at 4119]. Price also argues that there was no evidence that he played a role in decision making on the level of discipline, only that he could request discipline. [*Id.* at 4119-20]. Price also argues that he cannot be liable for negligence in not discovering missed bed checks by Windham and Holt because a reasonable juror could not find he was objectively unreasonable, since the predicate for establishing bad faith is an established constitutional or statutory right. [*Id.* at 4120]. Finally, Price argues that there was no evidence that he acted objectively unreasonably. [*Id.* at 4121].

Price's argument that he cannot be liable for negligence because no evidence was presented that he acted objectively unreasonably fails, because a reasonable juror could find that he acted subjectively unreasonably. Price would have a right to qualified immunity on claims for negligent hiring, training, and supervision as long as he "acted within the scope of his authority and acted in good faith." *Yanero v. Davis*, 65 S.W.3d 510, 521–22 (Ky. 2001). Kentucky law adopts both an

6

objective and a subjective approach to bad faith. Objectively, bad faith can "be predicated on a violation of [causally related] constitutional, statutory, or other clearly established right which a person in a public employee's position presumptively would have known was afforded to a person in the plaintiff's position, i.e., objective unreasonableness." *Id.* at 523. "An official is not entitled to qualified official immunity if he took actions that he knew or reasonably should have known would violate the constitutional, statutory, or other clearly established right of the plaintiff." *Smith v. Holler Crawlers Off-Rd., Inc.*, No. 6:13-CV-200-KKC, 2015 WL 5841385, at *4 (E.D. Ky. Oct. 5, 2015). Subjectively, a plaintiff can also prove bad faith "if the officer or employee willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive." *Yanero*, 65 S.W.3d at 523; *Rowan Cty. v. Sloas*, 201 S.W.3d 469, 486 (Ky. 2006), *as corrected* (Sept. 26, 2006). To prove subjective bad faith, "[t]here must be some implication of self-interest, or a deliberate indifference, or sinister motive, rather than an honest mistake or oversight." *Rowan County*, 201 S.W.3d at 485. A reasonable juror could—and did—find that Price acted without subjective good faith. Additionally, reasonable jurors could have found for McMillen overall on the count, and obviously at least one reasonable juror did in this case: it ended in mistrial. The Court cannot say that "reasonable minds could have come to but one conclusion in favor of" Price, and so this argument fails. *See Balsley*, 691 F.3d at 757.

Accordingly, and consistent with the partial judgment on the jury verdict already entered by this Court [DE 272], Price, Gaudern, and K. Johnson's Renewed Motion for Judgment as a Matter of Law [DE 268] is **DENIED**.

## III.   CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Windham and Holt's Motion for Judgment on Partial Verdicts [DE 264] is **TERMINATED** from the Court's docket;

(2) Chris Johnson's Motion for Judgment on Partial Findings [DE 265] is **TERMINATED** from the Court's docket;

(3) Michael Price, Lisa Gaudern, and Kevin Johnson's Renewed Motion for Judgment as a Matter of Law [DE 268] is **DENIED**;

(4) The Partial Judgment on Jury Verdict [DE 272] is **CORRECTED** to read as follows:

> 7) The Plaintiffs recover nothing as to Count 3 – §1983 Failure to Train and/or Supervise, Count 4 – Gross Negligence, those claims be dismissed on the merits against Reginald Windham. The action against Reginald Windham was tried by a jury with Judge Rebecca Grady Jennings presiding and the jury has rendered a verdict as to Count 3 – §1983 Failure to Train and/or Supervise, Count 4 – Gross Negligence in his favor on those claims. Plaintiffs' claims against Reginald Windham as to Count 4 – Negligence, is not dismissed as the jury has not rendered a verdict as to Count 4 – Negligence, and a mistrial was declared.

(5) A status hearing is set for May 31, 2022 at 3:00 p.m. as to Defendants Windham and Price at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

May 3, 2022

Copes to:     Counsel of record